## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       Case Number: 17-40002-DDC-ADM

DONALD R. SCHOOLER,

        Defendant.

## MEMORANDUM AND ORDER

The district judge referred Defendant Donald R. Schooler's Emergency Motion for Release Pending Final Revocation Hearing (ECF No. 52) to the undersigned.  *See* FED. R. CRIM. P. 59(a).[1] On March 16, 2020, Mr. Schooler appeared before the court and, without objection from Mr. Schooler, the court ordered him detained pending his final revocation hearing after an initial 48-hour release to allow him to take care of personal matters.  He now seeks release from custody pursuant to 18 U.S.C. § 3142(i) because he contends his detention significantly elevates his risk of contracting COVID-19 and, if he contracts the disease, he is at an increased risk of suffering serious health complications because of his age and underlying health conditions.  As explained

---

[1] The court's order regarding briefing on this motion suggested that the review mechanism for the court's March 16 detention order was 18 U.S.C. § 3145(b).  (ECF No. 57.)  That was an error by the court, and the undersigned apologizes for any confusion caused by its mistake.  Section § 3145(b) authorizes the district judge to "review" a detention order.  But, here, Mr. Schooler's detention order was based on entirely different grounds (no objection to detention) than the issues he raises now, which involve a wholesale detention analysis.  So District Judge Crabtree appropriately referred this motion to the undersigned because, absent referral, he has no record to "review" the issues raised in Mr. Schooler motion because they were never previously presented or decided.  The undersigned therefore decides the current motion pursuant to FED. R. CRIM. P. 59(a) and construes it as a motion to reconsider the March 16 detention order.  Now that the undersigned is deciding Mr. Schooler's newly presented issues, they should be ripe for review by the district judge pursuant to § 3145(b) should counsel wish to pursue that avenue.

below, the court construes Mr. Schooler's motion as a motion to reconsider the court's prior detention order, which was based on Mr. Schooler's lack of an objection to his current detention. Construed as such, the motion is granted to the extent that the court will evaluate anew whether detention is warranted; the motion is denied to the extent that he seeks relief under § 3145(i) because that statute does not apply to detention pending a final revocation hearing; and the motion is granted under the proper legal standard pursuant to 18 U.S.C. § 3143(a)(1) because Mr. Schooler has shown by clear and convincing evidence that he is not a flight risk or a risk of harm to others if released.   He is likely a risk of harm to himself, but not to others.   The court therefore orders him released pending his final revocation hearing under the previously imposed release conditions.

## I.    **Background**

The indictment charged Mr. Schooler with one count of failing to register as a sex offender beginning on or about September 2016 and continuing to January 2017.   He was required to register as a sex offender following his 2001 arrest and subsequent conviction for second-degree statutory rape.   He was sentenced to three years in prison.   The victim was the 15-year-old daughter of Mr. Schooler's female friend.   Around that same time period, Mr. Schooler was convicted of possessing marijuana and methamphetamine in 2001, conspiring to produce or attempt to produce/distribute/deliver/manufacture a controlled substance (methamphetamine) in 2001, and producing methamphetamine in 2003.

As a registered sex offender, he is required to report in person every 90 days.   He was first convicted for failing to register as a sex offender in 2013, in municipal court in Missouri.   Then, he again failed to register in late 2016, leading to additional failure-to-register charges against him in Missouri.   Law enforcement officers later found him in Topeka, Kansas, and he was charged in this case with one count of failing to register as a sex offender.   He pleaded guilty pursuant to

a plea agreement, and the court sentenced him to one year and one day imprisonment, followed by five years of supervised release.

His supervised release began on November 22, 2017.   He has struggled with his drug addiction while on supervised release.   He tested positive for methamphetamine and/or failed to submit a urine sample four times in February 2018.   He tested positive for methamphetamine and marijuana in November 2018.   He failed to report to submit a urine sample in February 2019, and he submitted diluted urine samples in April and July 2019.   In August 2019, he submitted a urine sample that was marked as not being consistent with human urine.   At that point, with his consent, his release conditions were modified to require him to reside in an RRC for 120 days.   (ECF No. 34.)   He was directed to report to the RRC on September 16, but he did not report until the following day.   When he did report, he tested positive for both methamphetamine and marijuana, which was a violation of RRC policies.   While at the RRC, he again tested positive for marijuana twice in October and November 2019—again, a violation of RRC policies.

On December 12, the U.S. Probation Office filed a petition to revoke his supervised release based on the above violations.   (ECF No. 35.)   He appeared for his initial revocation hearing on December 19 and waived his right to a preliminary hearing.   At that time, he had been employed for the past 18 months.   (ECF No. 36.)   The government did not seek detention, and the court ordered Mr. Schooler to remain on release pending his final revocation hearing.

During a home visit in January 2020, Mr. Schooler's supervising probation officer ("PO") found a methamphetamine smoking pipe and baggies with methamphetamine residue in a safe. And, during a home visit on March 10, the PO saw a vial of methamphetamine; Mr. Schooler admitted to having methamphetamine in his bedroom and provided additional baggies of methamphetamine and drug paraphernalia to his PO; and he admitted that he had been using crystal

methamphetamine and that his last use was the day prior.   Mr. Schooler had a female guest present who also had methamphetamine in her possession, and she admitted that she had been using with Mr. Schooler.   (ECF No. 44.)

Based on this new violation conduct, the U.S. Probation Office filed an amended petition to revoke his supervised release.   (ECF No. 43.)   Mr. Schooler was arrested and appeared for an initial revocation hearing on March 16, at which time he waived his right to a preliminary hearing. The government moved for his detention pending his final revocation hearing.   Mr. Schooler did not contest the motion except to seek a 48-hour temporary release to take care of personal matters. The court found that Mr. Schooler had established by clear and convincing evidence that he would not flee or pose a danger to others during that initial 48-hour period of release.   However, as explained below, at that procedural juncture Mr. Schooler had the burden to show by clear and convincing evidence that he would not be a flight risk or pose a risk of harm to others if he were released.   Because Mr. Schooler did not object to detention after the initial 48-hour period, he did not present any record from which the court could find that he had met his burden of proof to warrant release.   On that basis, the court ordered him detained after the initial 48-hour period.

At the time, Mr. Schooler's final revocation hearing was scheduled for March 30.   It was later continued because of the COVID-19 pandemic and this Court's Administrative Order 2020-3.   His final revocation hearing is now set for April 27, 2020.   The court renders its decision on the current motion mindful that that final revocation hearing may or may not be continued in light of COVID-19 restrictions or other considerations.

Mr. Schooler now seeks release from custody based on his COVID-19 health concerns as "necessary . . . for another compelling reason" pursuant to § 3142(i), invoking the legal framework this court set forth in *United States v. Clark*.   After reviewing the motion, the court issued an order

allowing supplemental briefing because § 3142(i) applies to defendants who are awaiting trial, not those who have been detained pending a final revocation hearing for supervised release violations. (ECF No. 57.)   The court explained that release pending a hearing on probation or supervised release violations is governed by Federal Rules of Criminal Procedure 32.1(a)(6) and 46(d), and 18 U.S.C. § 3143(a)(1).   The court therefore encouraged the parties to focus their briefing on the applicable legal standard—namely, the issue of risk of flight and risk of danger under § 3143(a)(1).

## II.     Reconsideration of the Detention Order

The court previously ordered Mr. Schooler detained pending his final revocation based on his lack of any objection to detention pending his final revocation hearing.   Because Mr. Schooler did not object at that time, he effectively decided not to meet his burden of proving that detention was not warranted.   And it was based on his failure to meet his burden of proof that the court ordered him detained.   Therefore, the court construes his motion as seeking reconsideration of the court's prior detention order in the sense that he seeks another opportunity to try to meet his burden of proof.   *See, e.g., United States v. Preston*, No. 3:18-CR-307-K, 2020 WL 1819888, at *2-*3 & n.1 (N.D. Tex. Apr. 11, 2020) (construing motion for release due to COVID-19 concerns as a motion to reconsider under the court's inherent powers where defendant was detained pending his final revocation hearing based on his waiver of a detention hearing).

Construed as such, the court is persuaded that Mr. Schooler has shown sufficient grounds for the court to reconsider its prior detention order and allow him to belatedly assert his objection to detention in light of COVID-19 health concerns.   Mr. Schooler's detention hearing was on March 16, in the earliest days of the COVID-19 pandemic.   The restrictions escalated rapidly in the ensuing days as the country began to grapple with the health risks.   At that time, he could not have reasonably expected the unprecedented nature of the COVID-19 pandemic, the related public

health guidelines, or the associated risks of being incarcerated. The court will therefore reconsider the detention order, give him another opportunity to meet his burden to prove that detention is not warranted, and consider anew the issue of whether he should be detained.

### III.    § 3142(i) Does Not Apply to Detention Pending a Final Revocation Hearing

Mr. Schooler moves for temporary release on the grounds that release is "necessary . . . for another compelling reason" pursuant to § 3142(i). But the Federal Rules of Criminal Procedure make clear that § 3142(i) does not apply here. They provide that "[t]he provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release," whereas Federal Rule of Criminal Procedure 32.1(a)(6) governs release pending a hearing on probation or supervised release violation. FED. R. CRIM. P. 46(a), (d). According to that rule, the magistrate judge "may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." FED. R. CRIM. P. 32.1(a)(6). The court must therefore determine whether Mr. Schooler should be detained based on the legal standard set forth in § 3143(a)(1).

Under that statute, § 3142(i) does not apply to defendants awaiting sentencing who are subject to the § 3143(a) detention standard. *See United States v. Wills*, No. 19-40013-03-DDC, 2020 WL 1873622, at *3-*4 (D. Kan. Apr. 15, 2020); *United States v. Duncan*, Case No. 18-40030-01-HLT, 2020 WL 1700355, at *5-*6 (D. Kan. Apr. 8, 2020). For the same reasons, because detention of defendants who are awaiting sentencing on a petition to revoke supervised release is also governed by § 3143(a), the "compelling reasons" release standard set forth in § 3142(i) likewise does not apply to detention pending a final revocation hearing for supervised release violations. *See United States v. Mathews*, No. 15-40094-DDC-ADM, 2020 WL 1932080, at *4 (D. Kan. Apr. 21, 2020). Therefore, Mr. Schooler's motion is denied to the extent that he seeks relief under § 3124(i).

IV.   **Release Under § 3143(a)(1)**

The court therefore construes Mr. Schooler's motion under the proper legal standard pursuant to § 3143(a)(1).   That statute requires the court to order him detained if the court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."   § 3143(a)(1).   In the context of detention pending a final revocation hearing, "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person."   FED. R. CRIM. P. 32.1(a)(6).

Mr. Schooler's proposed release plan is to be discharged to home detention, where he will quarantine and reside alone at his own residence, pending the final revocation hearing.   He says that he is amenable to other conditions of release the court may impose.   In determining whether release is warranted, the court has considered the record set forth above along with U.S. Probation Office's recommendation.   The U.S. Probation Office does not support release primarily because Mr. Schooler's drug use presents a danger to the community and also because he is a risk of flight (although that is less of a concern) based on his failure to register.   The court has also carefully considered all of the parties' arguments.

Ultimately, the court finds that Mr. Schooler has shown by clear and convincing evidence that he is not a risk of flight or a risk of harm to others if he were released.   In making this determination, the court has considered his prior rape conviction, but it is nearly twenty years old and the record does not reflect that he has committed any violent felonies since.   The court has also considered his failure to register as a sex offender in 2013 and 2016, but he is not highly transient and his track record suggests that it is unlikely that he will go missing before his final revocation hearing, particularly given the importance of him adhering to COVID-19 restrictions

given his age and underlying health conditions.   Also, for most of his term of supervised release,

he held a job and he eventually secured a place to live.   The government even consented to his

release at his initial revocation hearing in December 2019.   During this entire time, there is no

evidence that he harmed anyone but himself through his drug addiction.   That addiction is

unfortunate and noncompliant with his conditions of release, but the court is persuaded by the

court's reasoning in *United States v. Williams* that his "drug use does not make him a flight risk or

render him a danger to the safety of any other person or the community."   No. 13-20043-JWL,

2020 WL 1888850, at *1 (D. Kan. Apr. 16, 2020).   The district judge will be able to address Mr.

Schooler's noncompliance issues at his final revocation hearing.   *Id.* at *2.

The court further acknowledges that the U.S. Probation Office has recommended that, if

Mr. Schooler were released, he should be placed back at the RRC where he can be adequately

monitored for his drug use in the current COVID-19 environment.   However, the U.S. Probation

Office stated that is a condition they would ask the District Judge to impose as a condition rather

than having the undersigned impose it as a bond condition.   The court will therefore not impose

that as a bond condition at this procedural juncture, but instead will defer to the parties to decide

whether to ask Judge Crabtree to impose such a condition.

**IT IS THEREFORE ORDERED** that Mr. Schooler's Emergency Motion for Release

Pending Final Revocation Hearing (ECF No. 52) is granted, and Mr. Schooler is ordered released

under the terms and conditions that were in effect prior to his initial revocation hearing in March.

**IT IS SO ORDERED**.

Dated this 22nd day of April, 2020.

s/Angel D. Mitchell
Angel D. Mitchell
United States Magistrate Judge
